JAMES A. JOHNSON *v.* JOSEPH E. BOSWELL, ETC.

**Sheriffs and Constables—Liability on Bond.**

Recovery cannot be had on the bond of a constable for claims placed in his hands before a bond was executed, when he entered upon his second term of office.

**Sheriffs and Constables—Continuance in Office—Presumption.**

The presumption of continuance in office by a constable cannot be indulged where it would be an exception to the rule, and in the due course of events his successor must have been elected.

APPEAL FROM GRANT CIRCUIT COURT.

September 13, 1873.

OPINION BY JUDGE LINDSAY:

As Carter qualified as constable on the 13th day of August, 1866, he must have been appointed to fill out a term that expired on the 1st day of June, 1867. Chapter 32, Article 2, Secs. 4 and 5, Revised Statutes.

There is nothing in the record to rebut the legal presumption that an election was held as required by law, and that if Carter continued in office until the 13th of April, 1868, it was because of his being re-elected in May, 1867, and giving a new bond on the 1st of June, 1867. The receipt filed in this cause shows that the claims made the basis or foundation of this action were placed in his hands on the 1st day of July, 1867, a month after he entered upon his second term of office. Such being the case, no recovery can be had on the bond executed on the 13th of August, 1867.

It is not a sufficient answer that the statute provides that constables shall continue in office until their successors are qualified. Appellees do not show that Carter was so continued, and as the continuance would be an exception to the general rule prescribed by law, it will not be presumed.

But if it was shown that he did continue in office until July 1, 1867, it would not avail.

The constitution fixes the term of office for constables at two years (Sec. 5, Article 6), and the legislature has no power to extend it beyond that term. *Stevens v. Wyatt*, 16 B. Monroe 542. When the term for which Carter was appointed expired, the office was vacant, notwithstanding the statutory provision, that he should continue in office until his successor was qualified. It follows therefore that Johnson, the surety on the bond of August 13, 1866, is not liable for money collected by Carter on claims placed in his hands in July, 1867.

Judgment reversed and cause remanded for proceedings consistent herewith.

*Summers, Drane, Smith, for appellant.*

*Scott, for appellees.*